UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANON A. ATCHISON,<br><br>　　　　　Plaintiff,<br>　　vs.<br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 13-9063-AG (RNB)<br><br>ORDER TO SHOW CAUSE |

　　It appears from the face of the Complaint that was lodged for filing herein on December 9, 2013 that plaintiff is seeking review of an unfavorable Appeals Council decision that was issued on August 29, 2013.

　　Section 205(g) of the Social Security Act affords a claimant "sixty days" from "mailing" of notice of the Commissioner's final decision or "such further time as the Commissioner of Social Security may allow" in which to commence a civil action. 42 U.S.C. § 405(g). "[T]he Congressional purpose, plainly evidenced in Section 205(g), [was] to impose a 60-day limitation upon judicial review of the Secretary's[1]

---

[1]　　Pursuant to P.L. No. 103-296, the Social Security Independence and Improvements Act of 1994, the function of the Secretary of Health and Human (continued...)

final decision on the initial claim for benefits." Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977). "In addition to it serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Bowen v. City of New York, 476 U.S. 467, 481, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The Ninth Circuit repeatedly has upheld the 60-day statute of limitations, in affirming the dismissal of claims which were not timely filed. See, e.g., Banta v. Sullivan, 925 F.2d 343 (9th Cir. 1991); Matlock v. Sullivan, 908 F.2d 492 (9th Cir. 1990); Peterson v. Califano, 631 F.2d 628 (9th Cir. 1980).

Here, if measured from August 29, 2013, when the Complaint alleges that the Appeals Council decision was issued, plaintiff's federal filing deadline (including the 5 additional days for service by mail) was November 2, 2013 (which being a Saturday, resulted in a further extension of the filing deadline to November 4, 2013). The Complaint does not allege that the Appeals Council extended plaintiff's time in which to commence a civil action. Accordingly, it appears from the face of the Complaint that, when it was lodged for filing herein on December 9, 2013, the limitations period already had run.

Accordingly, on or before **January 10, 2014**, plaintiff is ORDERED to show good cause in writing, if any exists, why the Court should not recommend that this action be dismissed for untimeliness.

DATED: December 17, 2013

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[1](...continued)
Services was transferred to the Commissioner of Social Security effective March 31, 1995.